DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHN M. KLEIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:24-cv-0034 |
| | ) |
| SECRET HARBOR ESTATES, LLC, DIEGO J. LOINAZ MARTIN, AWILDA BROCO RODRIGUEZ, ALBERTO J. RIVERA RAMIREZ, JOHANNA GONZALEZ BURGOS, LYNN ROCA, CESAR AUGUSTUS ROCA, | ) ) ) ) ) |
| | ) |
|       Defendants. | ) ) |

## ORDER

**BEFORE THE COURT** is Defendants, Secret Harbor Estates, LLC's and Diego Loinaz Martin's Motion to Dismiss Plaintiff's Complaint, filed September 13, 2024. (ECF No. 21.) Plaintiff filed an opposition on September 25, 2024, and said Defendants filed a reply thereto on October 2, 2024. See ECF Nos. 22 and 25, respectively. The motion is fully briefed and ripe for adjudication. For the reasons stated below, the Court will grant the motion.

**I.**

Plaintiff alleges that he owns certain real property in St. Thomas, U.S. Virgin Islands, Parcel Nos. 2D-10 Estate Nazareth, which he purchased in or about April 2004, and 2D-11 Estate Nazareth, which he purchased in or about July 2015. Complaint ("Compl.") at ¶ 13. According to his complaint, the previous owner of the real property informed Plaintiff that he had used the two plots of real property adjacent to Plaintiff's property as a "Storage Area" and, upon such information, Plaintiff placed personal vehicles and a storage container on that property. *Id.* at ¶ 14. Defendant Secret Harbor Estates, LLC ("Secret Harbor"), purchased the adjacent plots, namely Parcels 2D-8 and 2D-9, in or about September 2020. *Id.* at ¶ 16. After taking ownership of the property designated by Plaintiff as the "Storage Area," Defendants requested that Plaintiff stop using and occupying the property. *Id.* at ¶¶ 19, 21. After Plaintiff's noncompliance with Defendants' demand, Plaintiff alleges that "on Sunday May 21, 2023, the Defendants, either directly or through an agent, carried out their earlier

threat and 'moved' the Container onto the Klein Properties." *Id*. at ¶ 27. Plaintiff claims rights to Parcels 2D-8 and 2D-9 Estate Nazareth as well as damages to Plaintiff's personal property that resulted when Defendants removed it from the "Storage Area."

Defendants Secret Harbor and Diego J. Loinaz Martin move to dismiss on the grounds of lack of subject matter jurisdiction. Defendant Martin also moves to dismiss the complaint as to him, individually, for failure to state a claim. Mot. at 1.[1]

**II**.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the case. The plaintiff bears the burden of proving subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Where the complaint does not allege facts sufficient to establish subject matter jurisdiction of the court, a party can move to dismiss pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Under Rule 12(b)(1), a party may present either a facial or factual challenge to subject matter jurisdiction, but a factual challenge may be brought only after the defendant files an answer or has engaged in discovery. *See Mortensen v. First Fed. Sav. & Loan* Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When a factual attack is procedurally premature, the Court must treat the motion as a facial challenge. *Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial.").

In a facial challenge, the Court "will consider 'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Nellom v. Delaware Cty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 476 (E.D. Pa. 2015) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In addition to the complaint, the Court may also consider "documents referenced therein and

---

[1] Because the Court finds that the complaint fails to establish subject matter jurisdiction, the Court does not reach the question of whether the complaint states a claim against Defendant Martin.

*Klein v. Secret Harbor Estates, LLC*
Case No. 3:24-cv-0034
Order
Page 3 of 4

attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### III.

It is axiomatic that federal district courts are courts of limited jurisdiction. A federal district court can exercise subject matter jurisdiction based only upon federal question jurisdiction, diversity jurisdiction, and/or admiralty/maritime jurisdiction. *See, e.g., DeLagarde v. Tours VI Ltd.*, Case No. 3:20-cv-0093, 2022 U.S. Dist. LEXIS 34405, at *6-7 (D.V.I. Feb. 28, 2022); 28 U.S.C. §§ 1331-33. Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Clearly, the complaint in this matter does not assert admiralty/maritime claims nor does it present a federal question. Thus, the Court examines whether Plaintiff has adequately alleged diversity of citizenship jurisdiction.

Diversity jurisdiction is established when the citizenship of all plaintiffs is completely diverse from the citizenship of all defendants and the amount of controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "For the purposes of diversity jurisdiction, we have explained that '[c]itizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning."'" *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (quoting *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S. Ct. 2230, 37 L. Ed. 2d 63 (1973))). Here, while Plaintiff alleges the citizenship of Defendants, he fails to include specific allegations regarding his own citizenship. Plaintiff argues that his averments alleging that he owns real property in St. Thomas and that he has continuously used the "Storage Area" and occupied the landscaping "Oval" is enough to establish that he is a citizen of the U.S. Virgin Islands. ECF No. 4-5. However, the mere ownership of property and "using" property adjacent thereto does not demonstrate that St. Thomas is Plaintiff's "fixed and permanent home" sufficient to establish citizenship. Additionally, a third-party reference to real property as Plaintiff's "residences," also does not prove citizenship for purposes of diversity jurisdiction. Consequently, the Court finds that it cannot conclude, from the face of

*Klein v. Secret Harbor Estates, LLC*
Case No. 3:24-cv-0034
Order
Page 4 of 4

the complaint, that it can exercise diversity jurisdiction. However, dismissals for lack of subject matter jurisdiction are without prejudice, and the Court will allow Plaintiff the opportunity to cure the deficiencies of the original complaint and file an amended complaint.

**IV**.

Because the Court finds that it lacks subject matter jurisdiction, the Court will grant Defendant Secret Harbor and Defendant Martin's motion to dismiss. Accordingly, it is hereby

**ORDERED** that Defendants, Secret Harbor Estates, LLC's and Diego Loinaz Martin's Motion to Dismiss Plaintiff's Complaint, ECF No. 21, is **GRANTED**; it is further

**ORDERED** that the Complaint, ECF No. 1, in the above-captioned matter is **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that, in the event Plaintiff chooses to amend his complaint, he **SHALL**, by no later than **June 25, 2025**, file with the Court a First Amended Complaint; it is further

**ORDERED** that failure to file a First Amended Complaint by the designated deadline (or by such other date ordered by the Court) **SHALL automatically convert this dismissal into a DISMISSAL WITH PREJUDICE**.

**Dated:** June 11, 2025                                    */s/ Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**